IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHIRLEY ADAMS,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. **07-501-DRH** |
| **ALTER BARGE LINE, INC.** | ) | |
| Defendant. | ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion for Sanctions. **(Doc. 17)**. Defendant filed a response at **Doc. 21**. Plaintiff then filed a reply at **Doc. 22**.

The motion concerns the sufficiency of defendant's answers to interrogatories and responses to requests for production.

Defendant initially failed to respond to plaintiff's discovery requests within thirty days after service. Defendant served its responses only after plaintiff filed a motion to compel.

Plaintiff complains that defendant's answers to interrogatories numbered 1, 2, 3, 7, 8, and 13 are inadequate and/or incomplete. The court agrees. For instance, interrogatory number 2 asks defendant to state "in as much detail as possible, all reasons you discharged plaintiff...." Defendant's answer says "Plaintiff was terminated for general inadequate performance of her employment responsibilities as a crew dispatcher, including but not limited to, unsatisfactory and inefficient crew changes and failing to secure, and the timeliness of securing, required documents for newly hired employees." A statement that an employee was fired for general inadequate performance is not a statement in detail of all reasons that the employee was

1

discharged.

Similarly, defendant's answer to interrogatory number 8, regarding complaints that plaintiff made about Alter's attempts to get her medical records without her consent, completely fails to give any of the detail which the question asks for.

In response to interrogatory number 1, defendant produced plaintiff's personnel file. However, the response did not specify which records in the file were responsive to the interrogatory. Fed.R.Civ.P. 33(d) requires such specification.

Defendant answered interrogatories numbered 6, 9, and 10 subject to objections. Defendant objected to interrogatory number 15, without giving an answer. Untimely objections are, however, waived. Fed.R.Civ.P. 33(b)(4). Defendant implicitly recognizes the validity of plaintiff's position in its response.

With respect to the responses to the production requests, plaintiff complains that defendant produced a number of documents, but failed to "identify the pages in a manner that allows reference to plaintiff's requests." It is unclear what this means. Defendant responds by pointing out that Fed.R.Civ.P. 34(b)(2)(E) permits it to produce records as they are kept in the ordinary course of business. Further, defendant states that it identified which documents were responsive to specific requests. That is sufficient.

Upon consideration and for good cause shown, Plaintiff's Motion for Sanctions **(Doc. 17)** is **GRANTED** in part and **DENIED** in part as follows:

Defendant shall answer plaintiff's interrogatories in full and **without any objections** no no later than **April 16, 2008.** If there are additional responsive documents that have not yet been produced, defendant shall produce same by **April 16, 2008**, as well. The court will not impose

monetary sanctions at this time.  However, the court will seriously consider such sanctions if there are any incomplete or evasive discovery responses in the future.

**IT IS SO ORDERED.**

**DATED:   April 10, 2008.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**